[No. 3,707.]

## FREDERICK A. BEE *v.* THE SAN FRANCISCO AND HUMBOLDT BAY RAILROAD COMPANY.

PAY OF SUPERINTENDENT OF RAILROAD COMPANY. — If there is no special agreement fixing the amount the Superintendent of a railroad company shall receive for his services as Superintendent, he is entitled to recover the value of such services.

DUTY OF SUPERINTENDENT OF A RAILROAD COMPANY.—If the Superintendent of a railroad company, at the request of the company, before work is commenced in the field, performs work which is not technically within the line of a Superintendent's duty, it will be presumed that in doing the work he acted in his capacity as Superintendent.

CONVERSATIONS WITH DIRECTORS OF A CORPORATION AS EVIDENCE.—In an action by the Superintendent of a railroad company brought against the

company to recover the value of his services as Superintendent, if the company claim that his salary had been fixed at a stipulated sum, conversations between the plaintiff and Directors of the company are admissible in evidence to show that he dissented from the amount of salary proposed for him by the Directors, and that he did not consider his salary as fixed at a stipulated sum.

ERROR WHICH DOES NO HARM.—A judgment will not be reversed for the admission of irrelevant testimony, if the findings show that the testimony was not taken into consideration in rendering judgment.

EMPLOYE OF CORPORATION.—The action of the Board of Directors of a corporation, when in session, is not required, merely to direct the labor of an employé of the corporation.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The complaint contained five counts. The first count averred that, on the 1st day of June, 1869, the defendant was indebted to the plaintiff in the sum of nineteen thousand dollars for work and labor performed for and money furnished defendant before that time.

The second count averred that prior to March 18, 1868, the Sonoma County and Vallejo Railroad Company, and the Sonoma County Railroad Company, were corporations organized to build railroads in Sonoma County; and that on said day the Legislature passed an Act authorizing the electors of Sonoma County to vote, on the second Saturday in May, 1868, whether the county would donate its bonds to the amount of three hundred and twenty-five thousand dollars, to aid in building a railroad, and to which of said companies the donation should be made: and provided that the Sonoma County Railroad Company might assign its rights, under the Act, to any other railroad company; and that, March 18th, 1868, the defendant employed the plaintiff specially to obtain an agreement from the Sonoma County Railroad Company to transfer to the defendant its rights, under the Act, and to aid the Sonoma County Railroad Company

in carrying the election in its favor ; and that he procured such contract, and by his influence procured the election to go in favor of the Sonoma County Railroad Company, and that his services were worth ten thousand dollars ; and while canvassing he expended two hundred dollars of his money.

The next count alleged that, March 1st, 1868, the plaintiff was employed by defendant as its Chief Superintendent, and acted in that capacity until May 25th, 1869, and that his services were worth five hundred dollars per month ; and that while Superintendent he expended for defendant, of his own money, two hundred and fifty dollars.

The next count averred that the defendant, about the 1st day of June, 1868, specially employed the plaintiff to travel through Sonoma County to obtain subscriptions to the stock of defendant, and to obtain the right of way for its railroad ; and that he performed the services, and they were reasonably worth one thousand dollars.

The next count was for money, tools, machinery, wagons, horses, etc., furnished by plaintiff to defendant while Superintendent, of the value of six hundred dollars.

The complaint was not verified. The answer denied the allegations of the complaint, and for a separate defense averred that the plaintiff was elected Superintendent of the defendant on the 6th day of March, 1868, and was discharged from the service of the company on the 25th day of May, 1869—a period of fourteen months and nineteen days—at an agreed salary of two hundred dollars per month, and that the same had been paid ; and that the plaintiff had performed no labor for the defendant except as Superintendent.

The referee found that the bonds of Sonoma County to the amount of three hundred and twenty-five thousand dollars were issued and delivered to the defendant, and that before the election the defendant directed its Superintendent to aid in procuring from the Sonoma County Railroad Company a transfer of its right to the bonds, and to aid in the

canvass to procure a decision at the election in favor of the Sonoma County Railroad Company, and that he did so aid, but that no work in the field towards the construction of the railroad was performed until July 1st, 1868, and that from the date of his appointment, on the 6th day of March, 1868, until July 1st, 1868, plaintiff was engaged in said canvass and in procuring the transfer from the Sonoma County road, and in soliciting subscriptions to the capital stock of defendant, and that from the time work in the field was commenced until the 25th of May, 1869, the plaintiff continued work in the field as Superintendent. The referee also found that no stipulated sum was agreed upon as compensation for plaintiff. The referee also found that all of the plaintiff's services were rendered as Superintendent, and that he was not entitled to any extra compensation, but that his services as Superintendent were worth four hundred dollars per month, for which sum, less certain payments which had been made, the referee gave judgment.

During the trial John H. Turney was called as a witness by the plaintiff, and said he was elected a Director of the defendant early in 1869. He was then asked to state the substance of any conversations between the plaintiff and the acting Directors of the defendant while he was a Director and plaintiff was Superintendent. The defendant objected because such conversations would not be binding on the defendant, not being corporate acts evidenced by writing, or in ratification of corporate acts. The Court overruled the objection. The witness then detailed conversations between the plaintiff and certain Directors concerning the dispute about the plaintiff's salary, in which the plaintiff claimed that his salary had never been fixed, and that it was worth four hundred dollars per month, and the Directors claimed that it had been fixed at two hundred dollars per month.

The defendant appealed.

The other facts are stated in the opinion.

*Daingerfield & Olney,* for Appellant.

This case was tried by the referee, and in the Court below, on motion for new trial, on the theory that plaintiff, whilst acting as Superintendent of the railroad (defendant), could perform extra services, and receive therefor extra pay. To this end evidence was permitted by the referee, showing that for a large portion of the time plaintiff was speech making, and acting as a lawyer in trying the question .of the right of way.

If the theory adopted by the referee in his findings, that all these services were as Superintendent, be true, then it follows that all testimony offered and received of the value of "extra services" must be error, for he also finds that we were entitled to all his services and time whilst he was acting for us as Superintendent.

The referee erred in permitting John H. Turney, and other witnesses for the plaintiff, to testify as to conversations held with witnesses in regard to what individual members of the defendant and its Board of Directors said in reference to plaintiff's employment, when not in a corporate meeting. True, the proof had been made that he was Superintendent; and if this act was in the natural and regular course of business as such, the parol evidence might have been introduced of the concurrence, after the act was done; but nothing short of an appointment by the corporation as such could give authority to do the act and bind the corporation. (*Bank of the United States* v. *Dandridge,* 12 Wheaton, 64, *et seq.*)

There had been no payment for the services mentioned at the time covered by the questions; and it was sought to show that other services than as Superintendent were performed. (*Dunn* v. *Rector, Wardens, and Vestrymen of St. Andrews' Church, in Richmond County,* 14 Johnson, 118, *et seq.*)

The proof offered here was of an executory contract—something that was to have been done—not of ratification of something already done.   (*San Francisco Gas Co.* v. *The City of San Francisco,* 9 Cal. 453; 22 N. Y. 258; 24 Barbour, 375.)

The object of this testimony was not to prove ratification, but to prove employment, and hence does not come under the doctrine laid down in *Pixley* v. *The Western Pacific R. R. Co.,* 33 Cal. 183, *et seq.*

*Douthitt & McGraw* and *Lewis Shearer,* for Respondent.

The cause was not tried upon the theory stated by defendant.   The facts are, that after the defendant was employed as Superintendent he was directed to perform certain labor, which was essential and indispensable to be performed before active work in the construction of the road could be commenced, as, without this labor, that of procuring the transfer of the rights and privileges of the Sonoma County road, and the bonds of the county, the whole thing would evidently have been a failure.   Therefore, the Superintendent, so soon as he was selected, was directed to employ his time and labor in this service, which was necessary to the very existence of the enterprise, which he did for some three months, and then entered upon his duty of constructing the road.

Plaintiff was under employment as Superintendent.   The defendant controlled his time and what he should do; and the character of service performed under this direction, for a portion of the time, was infinitely more valuable to the company, and more laborious to the plaintiff, than when engaged on the road; and we think the defendant cannot complain of this.

There was no evidence improperly admitted or excluded that could have justly changed the result.   The errors, if any were committed, could not have harmed the defendant;

therefore, the judgment should not be reversed.     (*Merle* v. *Mathews,* 26 Cal. 455.)

New trial will not be granted on account of admission of improper evidence to prove a fact, not material, and independent of which the verdict is supported.     (*Clark* v. *Lockwood,* 21 Cal. 220; *Mills* v. *Barney,* 22 Cal. 240; *Zeigler* v. *Wells, Fargo & Co.,* 28 Cal. 263; *Benjamin* v. *Smith,* 12 Wend. 404, *Crary* v. *Sprague,* 12 Wend. 41.)

By the Court, NILES, J.:

1.     It was admitted that the plaintiff was Superintendent, under the appointment of the defendant, from the 6th of March, 1868, until the 28th of May, 1869. The evidence was amply sufficient to support the finding of the referee, that there was no special agreement for the plaintiff's compensation.     He was, therefore, clearly entitled to receive the value of his services in the capacity of Superintendent. Appellants urge, as their principal ground of error, that evidence was admitted at the trial, of services rendered by the plaintiff, entirely distinct from those appertaining to the office of Superintendent.     Very much of this evidence does not appear to have been objected to at the time it was offered; but at one stage of the proceedings a motion was made to strike it out, and by consent of parties, the ruling upon the motion was reserved until the final argument of the case.     There does not appear to have been any direct ruling upon the question at the time of the final argument. The referee, however, in his findings, held that the plaintiff could not recover for extra services rendered during the time of his employment, without a special agreement for extra compensation; but held also that the services to which the defendant objected were rendered in the line of plaintiff's duty as Superintendent, and under the direction of the defendants.

We think this finding was sustained by the evidence. Although actual work in the field, in the construction of the road, was not commenced until several months after the appointment of the plaintiff, he appeared to have been actively and efficiently employed during the interval in the interest of the company, in business of importance preliminary to the construction of the road. While the work which he performed may not be technically within the line of a Superintendent's duty, it was work which that officer, as the servant of the company, might be directed to do; and having performed the labor, at the company's request, while holding the office, it will be presumed that he acted in an official capacity. As the plaintiff was only allowed for his services as Superintendent, and nothing for the extra services claimed by him, we see nothing in the finding of which the defendant can justly complain.

2. The testimony of the witness Turney as to conversations between the plaintiff and the acting Directors of the defendant, during the period of the plaintiff's employment, was admissible to show his dissent at that time from the amount of salary proposed by certain of the Directors, and that it was not then considered, by him at least, as a fixed and stipulated sum.

3. The testimony of the plaintiff, that he was requested by the Vice President, and other Directors of the company, to aid in the canvass for the procurement of a county subsidy, so far as it tended to prove a special contract for extra services, would perhaps be obnoxious to the objection that these officers had no power to make such a contract, except when in session as a Board. But, as we have seen, all evidence of any contract for extra services was substantially excluded from consideration by the referee, and the action of the Board in session is not required merely to direct the labor of an employé.

We see nothing in the other points made by the defend-. ant which calls for a reversal.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.